Matthew R. Follett (SBN 325481)
Email:  mfollett@foxrothschild.com
Fox Rothschild LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:  310.556.9828

Lisa M. Williford*
N.C. Bar No. 44184
Email: lwilliford@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400
*admitted pro hac vice

Attorneys for Defendants
First-Citizens Bank and Trust Company and
First Citizens BancShares, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ASHCRAFT, | Case No.: 2:26-cv-02251-JLS-JDE |
| Plaintiff, | |
| vs. | **DEFENDANTS' APPLICATION TO SEAL CUSTOMER INFORMATION IN PLAINTIFF'S EXHIBITS TO THE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| FIRST-CITIZENS BANK AND TRUST COMPANY and FIRST CITIZENS BANCSHARES, INC. | |
| Defendants. | |

1

Defendants, First-Citizens Bank & Trust Company ("FCB") and First-Citizens BancShares, Inc. ("BancShares") (collectively referred to as "Defendants") respectfully submit this application pursuant to Local Rule 79-5.2.2 to seal customer-identifying information appearing in Docs. 61-1, 61-9, and 61-11 that were filed by Plaintiff filed in support of his Opposition to Defendants' Motion to Dismiss (Doc. 61, the "Opposition").

## I.     **<u>INTRODUCTION</u>**

This Application results from the unique procedural posture of this case. The sensitive information that this Application concerns was not obtained by Plaintiff through the normal discovery process, but from documents he allegedly preserved from his employment with FCB. Because discovery has not yet commenced, no protective order has been entered, and no documents have been exchanged between the parties or designated as confidential.

The sealing process established by Local Rule 79-5.2.2(a), on which Defendants rely, contemplates a request by a party to seal documents made *before the documents are filed* on the public record. In this case, unfortunately, customer-identifying information belonging to non-parties already appears on the public docket in Plaintiff's filings. Defendants seek to seal these documents because the potential harm caused by public dissemination of non-material identifying information

belonging to non-parties outweighs any concern regarding the public's right to access information on the public docket.

In support of this Application, Defendants submit the Declaration of Lisa Williford and the unredacted and highlighted versions of Docs. 61-1, 61-9, and 61-11 (filed separately under seal), a proposed order (Exhibit A), and the redacted versions of Docs. 61-1, 61-9, and 61-11 (Exhibit B) for substitution in place of the documents currently on the public docket. Defendants respectfully request the Court enter an order sealing the information identified below in sections of Docs. 61-1, 61-9, and 61-11.

## II.    CUSTOMER INFORMATION

Defendants moved to dismiss this matter, in part, based on the absence of any basis for the exercise of personal jurisdiction over Defendants in California to adjudicate this employment dispute between a Nevada resident and a North Carolina company. (Docs. 45, 45-1). In his Opposition, Plaintiff argued that personal jurisdiction was appropriate here because, during his employment, he directed sales efforts in part to California-based customers and leads. (*See generally* Doc. 61). In support of that argument, Plaintiff filed a declaration (Doc. 61-1) and supporting exhibits (Docs. 61-9 and 61-11) that include customer-identifying information. This customer-identifying information is irrelevant and unnecessary to the resolution of Defendants' motion. (*See generally* Doc. 63).

3

A table of the information that Defendants request to be sealed, which is also included in the proposed order, is included here:

| Document Number | Page Number/Paragraph |
|---|---|
| Doc. 61-1 | Page 14/Paragraphs 69-71<br>Page 17/ Paragraphs 84-86, 89<br>Page 18/Paragraphs 93-95<br>Page 19/Paragraph 98<br>Page 29/Paragraph 173<br>Page 32/Paragraph 195<br>Page 33/Paragraph 196<br>Page 55/Paragraphs 324-26 |
| Doc. 61-9 | Page 2<br>Page 24<br>Page 26<br>Pages 30-33<br>Page 36<br>Pages 38-39<br>Page 41<br>Pages 47-49 |
| Doc. 61-11 | Pages 15-20<br>Page 25 |

## III.   ARGUMENT

As an initial matter, Defendants submit this application pursuant to Local Rule 79-5.2.2(a) because a protective order has not yet been entered in this action and, since discovery has not yet commenced, cannot be entered now. *See, e.g., Todd v. Tempur-Sealy Int'l, Inc.*, 2015 WL 1006534, at *4 (N.D. Cal. Mar. 6, 2015) (citing *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1079-81 (9th Cir. 1988) (noting that Rule 26 does not govern documents obtained outside of discovery). Defendants

4

have attempted to comply with the requirements of Local Rule 79-5.2.2(a), but not all of the provisions are applicable to the procedural posture of this case because the information at issue has already been filed.

### A. Legal Standard

Because Defendants seek to seal documents filed in connection with a dispositive motion, they must demonstrate a compelling reason to do so. *Ctr. for Auto Safety v. Chrysler Grp. LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016); *HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.,* 2022 WL 16637988, at *2 (N.D. Cal. Nov. 2, 2022) (applying the compelling reasons standard in considering a motion to seal documents filed in relation to a motion to dismiss). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at 1096 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Examples of compelling reasons include preventing attempts to use the court record to promote scandal, publish libel, or disclose "sources of business information that might harm a litigant's competitive standing." *Id.*

### B. Compelling Reasons Exist to Seal the Customer Information in Documents Filed in Support of Plaintiff's Opposition.

Defendants seek to seal confidential, non-party customer information provided to FCB in connection with commercial and financial services FCB rendered to these customers. *U.S. Bank Nat'l Assoc. v. N. Am. Title Ins. Co.*, 2023 WL 4421580, at *3

(D. Nev. July 10, 2023) ("[P]rotecting personal identifying information and financial data may satisfy compelling reasons to seal." (cleaned up)).

As an initial matter, FCB has a statutory duty to safeguard non-party customer information. *See, e.g.*, the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801(a) (declaring a federal policy that financial institutions like FCB have "an affirmative and continuing obligation to respect the privacy of [their] customers and to protect the security and confidentiality of those customers' nonpublic personal information"); Right to Financial Privacy Act, 12 U.S.C. § 3403 (restricting the disclosure of customer financial records to governmental entities); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (finding compelling reasons to seal bank customer names in light of Congressional recognition of the confidentiality of such information as shown in various statutes and regulations); *Shammam v. Am. Honda Fin. Corp.*, 2025 WL 3141116, at *1-2 (S.D. Cal. Nov. 10, 2025) (sealing information in declarations regarding a defendant financial institution's internal recordkeeping practices in part because the defendant owed privacy and security duties to its customers under the GLBA and corollary state privacy laws). As such, FCB treats customer-identifying information as confidential.

District Courts in this Circuit have found compelling reasons to seal non-party customer information in similar circumstances, particularly where such information is irrelevant to the underlying dispute and where the customers have not consented

6

to the public filing of their information. *See 3D Sys., Inc. v. Wynne*, 2024 WL 1122377, at *3 (S.D. Cal. Mar. 14, 2024) ("Courts have found that compelling reasons exist to seal non-parties' personal information when such information is not central to the issues in the case."); *Virun, Inc. v. Cymbiotika, LLC*, 2022 WL 17401698, at *3 (C.D. Cal. Aug. 19, 2022) (courts "regularly grant applications to seal" to protect identities of non-party customers that are "inconsequential to the merits of the underlying dispute" and where the public's need for access is "substantially attenuated" (citation omitted)); *Fed. Trade Comm'n v. LendingClub Corp.*, 2020 WL 2838827, at *34-35 (N.D. Cal. June 1, 2020) (finding "compelling reasons" exist to seal "personally identifiable consumer information"); *see also United States v. Bank of Am., N.A.*, 2023 WL 5320094, at *3 (M.D.N.C. Aug. 18, 2023) (sealing nonpublic personal information was "necessary to protect confidential information belonging to third parties who are not involved in this action" and who had not consented to its public filing); *Total Quality Logistics, LLC v. Riffe*, 2020 WL 5849408, at *2 (S.D. Ohio Sep. 30, 2020) (compelling reasons exist to seal customer names because "the public has little interest in the customer information" at issue). The non-party customer-identifying information which Defendants request this Court to seal appears in confidential, non-public FCB communications, and is not relevant to the issue of whether Defendants are subject to personal jurisdiction in California. (*See* Doc. 63 at 5-6).

For similar reasons, courts regularly consider it "appropriate to grant narrowly tailored requests" to seal personal banking information, including "bank and loan account information and certain non-public information of third parties," which falls under the "umbrella of personally identifiable information." *Compeer Fin. ACA v. Graham*, 2025 WL 1116486, at *1 (E.D. Cal. Apr. 15, 2025) (collecting cases); *Nia v. Bank of America, N.A.*, 2024 WL 171659 at *6 (S.D. Cal. Jan. 12, 2024); *Erhart v. Bofl Fed. Bank,* 2019 WL 4534701 at *4 (S.D. Cal. Sept. 19, 2019). The information Plaintiff filed in support of his Opposition—which contains the non-public information of Defendants' customers—is no different.

Moreover, like any other business, FCB suffers competitive harm when its customer information is disseminated without authorization or consent. *3D Sys., Inc.*, 2024 WL 1122377, at *3 ("[P]ersonal identifying information is the proper subject of a motion to seal because it could become a vehicle for improper purposes . . . [where] the information is not central to the matters at issue in the case[.]" (citation omitted)); *Brady v. Delta Energy & Commc'ns, Inc.*, 2024 WL 4869170, at *2 (C.D. Cal. Feb. 15, 2024) (finding compelling reasons to seal documents to protect non-party's privacy interests and to protect defendant business from harm to "future business negotiations").

Finally, Defendants' request to seal is narrowly tailored. Defendants seek to redact only the limited sections identified above in the manner shown in Exhibit B.

DEFENDANTS' APPLICATION TO SEAL CUSTOMER INFORMATION IN PLAINTIFF'S EXHIBITS TO THE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:26-CV-02251-JLS-JDE

*See Waypoint Mgmt. Consulting, LLC v. Krone*, 2022 WL 2528465, at *63 (D. Md. July 6, 2022) (narrow redactions to nonparty customer information protects privacy interests without being "unduly burdensome on the public right of access"). This identifying information has no bearing on Plaintiff's claims or the issue of this Court's jurisdiction over them, and is "unnecessary to understand . . . the parties' dispute." *Erhart*, 2019 WL 4534701 at *4. Plaintiff's argument in his Opposition that sufficient contacts exist for this Court's exercise of personal jurisdiction and that he has stated valid claims under California state law can be understood and assessed without publicly exposing information about Defendants' customers. Therefore, sealing this information—while leaving the remaining information visible on the public docket—will not unduly restrict the public's interest in the accessibility of court records.

## **CONCLUSION**

For these reasons, Defendants respectfully request that this Court grant Defendants' Application to seal the limited portions of Plaintiff's exhibits containing identifying information of Defendants' non-party customers and substitute the redacted versions filed herewith in place of the exhibits currently available on the public docket.

Dated:  June 30, 2026

*/s/ Lisa M. Williford*

9

FOX ROTHSCHILD LLP
Matthew Follett (SBN 325481)
mfollett@foxrothschild.com
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Lisa M. Williford*
N.C. Bar No. 44184
lwilliford@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400
*admitted pro hac vice

Counsel for Defendants First-Citizens Bank
and Trust Company and First Citizens
BancShares, Inc.

DEFENDANTS' APPLICATION TO SEAL CUSTOMER INFORMATION IN PLAINTIFF'S EXHIBITS TO THE
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:26-CV-02251-JLS-JDE