Matthew R. Follett (SBN 325481)
Email: mfollett@foxrothschild.com
Fox Rothschild LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Lisa M. Williford*
N.C. Bar No. 44184
Email: lwilliford@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400
*admitted pro hac vice*

Attorneys for Defendants
First-Citizens Bank and Trust Company and
First Citizens BancShares, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JARED ASHCRAFT,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST-CITIZENS BANK AND TRUST COMPANY and FIRST CITIZENS BANCSHARES, INC.<br><br>Defendants. | Case No.: 2:26-cv-02251-JLS-JDE<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER FED. R. CIV. P. 59(e), FOR RECONSIDERATION UNDER LOCAL RULE 7-18(c), AND, IN THE ALTERNATIVE, FOR TRANSFER UNDER 28 U.S.C. § 1631**<br>Judge: The Honorable Josephine Staton<br>Date: September 11, 2026[1]<br>Time: 10:30 AM<br>Location: Courtroom 8A |

[1] Defendants waive oral argument on this motion and believe it would be unnecessary for its resolution.

Defendants, First-Citizens Bank & Trust Company ("FCB") and First Citizens BancShares, Inc. ("BancShares") (collectively referred to as "Defendants"), by and through their attorneys, hereby submit this response in opposition to Plaintiff's Motion to Alter or Amend the Judgment Under Fed. R. Civ. P. 59(e), for Reconsideration Under Local Rule 7-18(c), and, in the Alternative, for Transfer under 28 U.S.C. § 1631 (Doc. 92, the "Motion").

# TABLE OF CONTENTS


Page(s)

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. THE MOTION REHASHES THE SAME FLAWED ARGUMENTS MADE IN OPPOSITION TO THE MOTION TO DISMISS ........ 2

II. RECONSIDERATION IS NOT WARRANTED BECAUSE THE ORDER DID NOT SPECIFICALLY MENTION EVERY FACT AND ARGUMENT ADVANCED BY PLAINTIFF ........ 5

III. THE MOTION DOES NOT IDENTIFY ANY BASIS FOR THIS COURT TO RECONSIDER ITS DENIAL OF JURISDICITONAL DISCOVERY ........ 7

IV. TRANSFER UNDER 28 U.S.C. § 1631 IS UNWARRANTED. ........ 8

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ........ 1

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004) ........ 7

*Allen v. Conagra Foods, Inc.*,
2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) ........ 8, 9

*Ausmus v. Lexington Ins. Co.*,
2009 WL 2058549 (S.D. Cal. 2009) ........ 3

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ........ 7

*Brown v. United States*,
2011 WL 333380 (C.D. Cal. Jan. 31, 2011) ........ 1, 3

*Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*,
788 F.2d 535 (9th Cir. 1986) ........ 7

*California v. Trump*,
2025 WL 1569334 (N.D. Cal. June 2, 2025) ........ 9

*Chagby v. Target Corp.*,
2009 WL 398972 (C.D. Cal. Feb. 11, 2009) ........ 5

*Clark v. Busey*,
959 F.2d 808 (9th Cir. 1992) ........ 9

*Costello v. United States*,
765 F. Supp. 1003 (C.D. Cal. 1991) ........ 1

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) ........ 3

*Jordan v. Geico General Ins. Co.*,
2026 WL 1749537 (C.D. Cal. Apr. 23, 2026) ........ 1

*Kiwijet, LLC v. Mena Technics Co. W.L.L.*, 2022 WL 20401312 (C.D. Cal. Dec. 16, 2022) .......... 8

*Kolek v. Engen*, 869 F.2d 1281 (9th Cir. 1989) .......... 9

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) .......... 1, 4

*McKeel v. Islamic Republic of Iran*, 722 F.2d 582 (9th Cir. 1983) .......... 9

*Miller v. Hambrick*, 905 F.2d 259 (9th Cir. 1990) .......... 9

*Puri v. Gonzalez*, 464 F.3d 1038 (9th Cir. 2006) .......... 9

*Salas v. Ford Motor Co.*, 2026 WL 731250 (C.D. Cal. Mar. 10, 2026) .......... 3

*Steel v. United States*, 813 F.2d 1545 (9th Cir. 1987) .......... 6

*United States v. Medtronic, Inc.*, 2024 WL 4002842 (C.D. Cal. July 22, 2024) .......... 5

**Statutes**

28 U.S.C. § 1631 .......... i, 8, 9

**Other Authorities**

Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed.) .......... 8

Fed. R. Civ. P. 59(e) .......... i, 1

L.R. 7-18(a), (b) .......... 2

L.R. 11-6.1 .......... 11

Local Rule 7-18 .......... *passim*

Local Rule 7-18(c) .......... i

Local Rule Rule 59(e) ........................................................ *passim*

## INTRODUCTION

Motions for reconsideration are only granted in the rarest circumstances. But the circumstances presented in Plaintiff's Motion are entirely ordinary: Plaintiff simply disagrees with this Court's analysis in its order granting Defendant's motion to dismiss (Doc. 87, the "Order") and wants a different result. But that is not enough. The Motion should be denied.

## ARGUMENT

Motions for reconsideration under Rule 59(e) are "disfavored and rarely granted." *Brown v. United States*, 2011 WL 333380, at *2 (C.D. Cal. Jan. 31, 2011). Because they seek an "extraordinary remedy," they are subject to strict standards in the "interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A motion for reconsideration should be granted only where the court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). But Rule 59(e) is not a vehicle through which a party may "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation[,]" *id.*, or simply "rehash arguments previously presented" in the underlying motion, *Jordan v. Geico Gen. Ins. Co.*, 2026 WL 1749537, at *2 (C.D. Cal. Apr. 23, 2026) (citing *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991)).

Local Rule 7-18, which similarly governs reconsideration of a prior order, provides that a motion seeking it must be based on

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to

> consider material facts presented to the Court before the Order was entered.

As is true under Rule 59(e), Local Rule 7-18 prohibits a party from "repeat[ing] any oral or written argument made . . . in opposition to . . . the original motion."

The Motion asks the Court to conclude that its Order committed a "clear error" and failed to "consider material facts" presented in the parties' briefing, warranting reconsideration under Rule 59(e) and Local Rule 7-18, respectively. (Mot. at 7, 10, 21). As explained below, Plaintiff does not clear the high hurdle necessary to justify that extraordinary remedy. The Motion should be denied.

## I. THE MOTION REHASHES THE SAME FLAWED ARGUMENTS MADE IN OPPOSITION TO THE MOTION TO DISMISS

The Order determined that Plaintiff had not satisfied the second prong of the test for personal jurisdiction, which required him to show that his claims "arise out of or relate to" Defendants' purported contacts with California, because none of those contacts bore a sufficiently "close connection" to the retaliation and related employment injuries Plaintiff alleges he suffered while living and working in Nevada. (Ord. at 15).

Plaintiff's main argument for reconsideration is that the alleged retaliation at the center of his claims effectively denied him the ability to market FCB's payment processing services to California-based customers. (*See* Mot. at 11-12). This argument fails for several reasons. First, it concerns the Order's *legal* analysis, but does not present any issues of law that "could not have been known" by Plaintiff when the Order was entered, nor any "change of law" occurring afterward. L.R. 7-18(a), (b). It is therefore not a proper ground for reconsideration under Local Rule 7-18 and should be disregarded.

Second, Plaintiff made the same argument in his memorandum opposing Defendants' motion to dismiss. (*See* Doc. 61 at 17 (arguing that Plaintiff's claims "arise from and relate to FCB's selected growth-market structure for expanding Merchant Services activity, referrals, customer opportunities, and revenue")). The Order acknowledged as much. (*See* Ord. at 14 (noting "Plaintiff's claims reference retaliatory actions such as FCB . . . altering his Salesforce mappings [and] locking Plaintiff out of system[.]")). But a "motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments. Reconsideration motions do not give parties a 'second bite at the apple.'" *Ausmus v. Lexington Ins. Co.*, 2009 WL 2058549, at *2 (S.D. Cal. 2009). Local Rule 7-18 expressly forbids what the Motion attempts to do, and this argument should be disregarded on that separate basis alone. *See Brown*, 2011 WL 333380, at *3 (rejecting arguments already made in underlying motion under Local Rule 7-18); *Salas v. Ford Motor Co.*, 2026 WL 731250, at *2 (C.D. Cal. Mar. 10, 2026).

Third, this argument is also wrong on its merits, for the same reasons set forth in Defendants' initial (Doc. 45-1 at 19-20) and reply (Doc. 63 at 10-12) memoranda. The Amended Complaint alleged that FCB retaliated against Plaintiff by preventing him from viewing California-based sales leads when he opened his work computer in Nevada and accessed the software FCB provided to him as part of his employment. (Mot. at 12 (arguing FCB retaliated by "disabling its own forum-directed sales apparatus")). But that alleged interference would be a contact with Nevada, where it was allegedly directed and felt. Nor would it sufficiently "relate" to FCB's general commercial activities in California merely because it altered his ability to view information about prospective clients in California. The Supreme Court has cautioned against the loose rule of personal jurisdiction Plaintiff espouses here. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (while "some" contacts

create personal jurisdiction without strict causation, "[t]hat does not mean anything goes").

Finally, Plaintiff also points to new "evidence" submitted with the Motion—a declaration in which Plaintiff states that he "know[s]" the individual who carried out the alleged interference did so from Florida, not North Carolina. (Mot. at 13; Doc. 92-1 at 5 ¶ 25). In Plaintiff's view, this rebuts the Order's conclusion that the alleged retaliation "occurred when Plaintiff lived and worked for Defendants in North Carolina and Nevada." (Mot. at 13 (citing Ord. at 14)). Setting aside the fact that this misreads the Order, the facts alleged in Plaintiff's declaration—which concern events from April 2025—are neither newly existing nor discovered, and Rule 59(e) and Local Rule 7-18 prohibit Plaintiff from introducing them now. *Kona Enters.*, 229 F.3d at 890. Perhaps aware of this, Plaintiff justifies his late submission by arguing he had "no prior occasion to address" the "actor-geography premise" in the Order. (Mot. at 13). But Defendants raised this point in both their initial and reply memoranda supporting their motion to dismiss. (Doc. 45-1 at 19-20 (arguing that Plaintiff had alleged retaliation directed at him "personally and felt only where he lived" in Nevada and North Carolina); 63 at 10-11 (same)). Plaintiff could have introduced this evidence in opposing that motion. He just chose not to.

But even if considered, this evidence offers no support to Plaintiff's argument. Whether the alleged change to Plaintiff's work software was made by an individual in North Carolina or Florida, that change was still directed at Nevada and not sufficiently related to any of Defendants' general commercial activities in California to subject them to personal jurisdiction there.

The Order therefore correctly rejected it, and the Motion does not come close to showing the requisite level of error to merit reconsideration under Rule 59(e) or Local Rule 7-18.

## II. RECONSIDERATION IS NOT WARRANTED BECAUSE THE ORDER DID NOT SPECIFICALLY MENTION EVERY FACT AND ARGUMENT ADVANCED BY PLAINTIFF

The Motion makes two arguments along these lines: first, that the Order failed to separately perform a jurisdictional analysis for each of Plaintiff's thirteen causes of action, (Mot. at 15-16), and second, that the Order wrongly concluded that Plaintiff identified "no other potential connections between his claims and FCB's California availment" without specifically discussing certain portions of the reams of documents Plaintiff has filed in this proceeding, (Mot. at 8-11, 16-22).

As an initial matter, neither argument presents a permissible basis for reconsideration under Local Rule 7-18 to the extent each disputes the Order's legal analysis without identifying any legal issue which Plaintiff could not have argued as part of the underlying motion. If Plaintiff believed that some of his claims enjoyed a stronger or unique jurisdictional basis, he had the opportunity to say as much in his opposition memorandum, but he did not.

Regardless, these arguments do not point to any clear error or any failure of the Order to consider material facts, and therefore do not satisfy the high standard for reconsideration. An order need not address "every single allegation made in Plaintiff's Complaint, or argument made in Plaintiff's opposition[.]" *Chagby v. Target Corp.*, 2009 WL 398972, at *1 (C.D. Cal. Feb. 11, 2009); *see also United States v. Medtronic, Inc.*, 2024 WL 4002842, at *7 (C.D. Cal. July 22, 2024) (collecting cases). The Order recognized that Plaintiff's jurisdictional argument centered on what he called the "California Market Infrastructure." (Ord. at 13, 15). It also described what that term encompassed—namely, the California branches and employees involved in FCB's efforts to sell payment processing services which the Motion argues it ignored. (*Compare* Mot. at 8-9 (arguing the Order's "relatedness analysis does not address" FCB's California-based branches and employees or the referrals they generated) *with*

Ord. at 14 (concluding Plaintiff's allegations that FCB "alter[ed] his Salesforce mappings" and "lock[ed him] out of systems" did not sufficiently relate to Defendant's contacts with California)). The Order similarly considered Plaintiff's evidence regarding the "prospective California-based opportunity" he was allegedly blocked from pursuing. (Ord. at 15). While Plaintiff may disagree with this Court's conclusions regarding that evidence, that is not a basis for reconsideration under either Rule 59(e) or Local Rule 7-18.

The same is true of Plaintiff's argument on the Order's supposed "manifest failure to consider material evidence" of a letter written by a California-based customer with whom he previously worked. (Mot. at 21). Plaintiff contends that this letter supplies the "connection" between his claims and Defendants' California contacts which the Order found to be missing. (Mot. at 20). But the "connection" required to establish personal jurisdiction is a connection between a forum-state contact and the *substance* of a claim, not the filing or pendency of the claim. *See Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (personal jurisdiction "arises not at the time of the suit, but when the events that gave rise to the suit occurred"). While the letter may be "connected" to Plaintiff's claims in the sense that the customer wrote it "for the specific purpose of supporting" them, (Mot. at 18), that connection is irrelevant to the personal jurisdiction analysis. So, the Order's conclusion that Plaintiff "identifies no other potential connections between his claims and FCB's California availment" does not reveal a failure to consider material facts established by that letter. Indeed, it shows the opposite—the letter is immaterial and therefore part of the reason why Plaintiff failed to identify any "potential connections" between his claims and Defendants' contacts sufficient to create personal jurisdiction here.[2]

---

[2] Relying solely on his accompanying declaration, Plaintiff also asserts for the first time that this customer relationship was "itself the subject of alleged retaliatory action" because his performance metrics did not properly credit him for that relationship, and if they had, his overall performance would have belied FCB's written warning. (Mot.

Finally, Plaintiff chides the Court for not considering an argument he raises for the first time in his Motion—whether any single claim (specifically, his California statutory and common law claims) could conceivably find a jurisdictional basis in California such that the Court could then exercise discretionary pendent personal jurisdiction over the rest. (Mot. at 15-16 (citing *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)). Being newly raised, this argument too should be disregarded as improper. It is also irrelevant, since the Order considered all of his claims and concluded that none alleged a sufficient relation to Defendants' California contacts to establish personal jurisdiction. (*See* Ord. at 14).

## III. THE MOTION DOES NOT IDENTIFY ANY BASIS FOR THIS COURT TO RECONSIDER ITS DENIAL OF JURISDICITONAL DISCOVERY

Plaintiff's argument for jurisdictional discovery is semantic: he contends that the Order mischaracterized the discovery efforts he proposed as targeting FCB's "presence in California," when in fact it would target a list of ambiguous contacts resulting from that presence. (Mot. at 22-23). While Plaintiff may disagree with this Court's choice of words, that does not mean that this Court "denied a different request" than the one he actually made. Nor does he tie that supposed error to any permissible basis for reconsideration under Rule 59(e) or Local Rule 7-18. Even if he had, he would struggle to clear that high hurdle since the decision to allow jurisdictional discovery is entirely discretionary. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). In any event, Plaintiff fails—just as he did in his memorandum opposing Defendants' motion to dismiss—to identify any facts he expects this discovery would develop, or why those facts would support his jurisdictional arguments. *See id.*; *Butcher's Union Loc. No.*

---

at 19-20; Doc. 92-1 at 8 ¶¶ 43-46). As explained in section I, *supra*, Rule 59(e) and Local Rule 7-18 do not permit Plaintiff to inject new evidence through his Motion, and this should be disregarded. Regardless, this new retaliation theory is the same as the others—it asserts internal conduct directed at Plaintiff in Nevada with no jurisdictionally relevant connection to Defendants' contacts with California.

*498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). The Motion should be denied on this point as well.

**IV. TRANSFER UNDER 28 U.S.C. § 1631 IS UNWARRANTED.**

As an initial matter, it is unclear whether Plaintiff is arguing that the Order's silence on transfer is a basis for reconsideration or making a request for transfer in the first instance. Regardless, both are unavailing—if the former, Plaintiff has not made the required showing for reconsideration under either Rule 59(e) or Local Rule 7-18, and if the latter, requesting transfer *for the first time* as a separate motion after the Court has already ruled that it lacks personal jurisdiction over the matter is improper.

Traditionally, transfer under 28 U.S.C. § 1631 was limited to actions in which the court lacked *subject matter* jurisdiction, not personal jurisdiction, as is the case here. *Allen v. Conagra Foods, Inc.*, 2019 WL 5191009, at *3 (N.D. Cal. Oct. 15, 2019) ("There is little citable Ninth Circuit authority addressing the question of Section 1631's applicability to issues of personal jurisdiction."); *see also Kiwijet, LLC v. Mena Technics Co. W.L.L.*, 2022 WL 20401312, at *4 (C.D. Cal. Dec. 16, 2022) ("In the end, since 'no mechanism provides for transfer between courts of different sovereigns,' the Court has power only to dismiss this case without prejudice to Plaintiff (or Defendant) refiling their claims (or counterclaims) in a New York state court." (quoting Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed.))). While some cases in this District and others in the Ninth Circuit have considered transfer under § 1631 to cure a lack of personal jurisdiction, those cases are generally unlike this one in that they involve (1) a request for transfer as an alternative to dismissal made by the plaintiff in briefing and properly put before the court, and/or (2) a cleaner, simpler transfer scenario than this case presents. As such, the Court did not err in failing to consider transfer and acted properly in dismissing the case without prejudice.

But even if this Court were to consider transfer under § 1631, it should decline to do so. Whether to transfer a case involves the weighing of equities and is therefore

committed to the sound discretion of the district court. *See California v. Trump*, 2025 WL 1569334, at *7 (N.D. Cal. June 2, 2025) (noting that trial court has discretion in deciding whether transfer of a particular case would serve the interest of justice). Transfer is only appropriate if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the case was filed; and (3) transfer would be in the interest of justice. *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989). While "[n]ormally transfer will be in the interest of justice[,]" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted), that is not true where a plaintiff chose to file a case in a jurisdiction she knew was improper, *see Puri v. Gonzalez*, 464 F.3d 1038, 1043 (9th Cir. 2006), where the plaintiff has not shown any colorable claims, *Clark v. Busey*, 959 F.2d 808, 814 (9th Cir. 1992), or where transfer offers no benefit over dismissal because the plaintiff can simply refile in the proper jurisdiction "without penalty," *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 591 (9th Cir. 1983).

This is not a case where transfer will serve the interest of justice. Plaintiff chose to file this case in an improper forum. Defendants told Plaintiff from the beginning that his grievance with FCB had no connection to California, yet he chose to file the case here anyway. (*See* Doc. 1-3 at 8 (June 2025 email to Plaintiff explaining that California law did not govern his employment relationship with FCB because he did not live or work in California)). Furthermore, BancShares is not subject to personal jurisdiction in Nevada at all, and several of Plaintiff's claims could not properly be transferred to Nevada. It is unclear whether 28 U.S.C. § 1631 allows for a partial transfer. *Allen,* 2019 WL 5191009, at *3. Unlike the "normal" case in which transfer saves time and promotes efficiency, *see Miller*, 905 F.2d at 262, transfer of this case would not achieve this result.

Finally, Plaintiff has had ample opportunity to refile this matter in another jurisdiction and has chosen not to do so. Even though the Court dismissed this matter

"without prejudice to filing in a proper jurisdiction" over one month ago (*see* Ord. at 16), Plaintiff has not refiled his case in a proper jurisdiction in that time. Instead, he has continued his abusive AI practices by filing meritless motions in this improper forum, which only delays meaningful litigation of his claims.

For these reasons, this Court should deny Plaintiff's request to transfer this case to the United States District Court for the District of Nevada.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny the Motion.

DATED: August 21, 2026

*/s/ Lisa M. Williford*
FOX ROTHSCHILD LLP
Matthew Follett (SBN 325481)
mfollett@foxrothschild.com
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Lisa M. Williford*
N.C. Bar No. 44184
lwilliford@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400
**admitted pro hac vice*

*Counsel for Defendants First-Citizens Bank and Trust Company and First Citizens BancShares, Inc.*

## CERTIFICATE OF WORD COMPLIANCE

The undersigned counsel of record for Defendants certifies that this brief contains 3,189 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 21, 2026

*/s/ Lisa M. Williford*
FOX ROTHSCHILD LLP
Matthew Follett (SBN 325481)
mfollett@foxrothschild.com
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Lisa M. Williford*
N.C. Bar No. 44184
lwilliford@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400
**admitted pro hac vice*

*Counsel for Defendants First-Citizens Bank and Trust Company and First Citizens BancShares, Inc.*