UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02251-JLS-JDE Date: September 10, 2026
Title: Jared Ashcraft v. First-Citizens Bank and Trust Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Daniel Torrez — Deputy Clerk

N/A — Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF: Not Present

ATTORNEYS PRESENT FOR DEFENDANT: Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER (1) DENYING MOTION FOR RECONSIDERATION OF SANCTIONS ORDER (Doc. 91); (2) GRANTING IN PART MOTION FOR RECONSIDERATION OF ORDER DISMISSING ACTION FOR LACK OF PERSONAL JURISDICTION (Doc. 93); AND (3) TRANSFERRING ACTION TO DISTRICT OF NEVADA**

Before the Court are Plaintiff Jared Ashcraft's Motion for Reconsideration of Order Denying Motion for Sanctions ("Sanctions Reconsideration Motion") and Motion for Reconsideration of Order Granting Motion to Dismiss ("Dismissal Reconsideration Motion"). (Sanctions Reconsideration Mot., Doc. 91; Dismissal Reconsideration Mot., Doc. 93.) Defendants opposed. (Opp. to Sanctions Reconsideration Mot., Doc. 97; Opp. to Dismissal Reconsideration Mot., Doc. 98.) Plaintiff replied in support of his Dismissal Reconsideration Motion. (Reply, Doc. 99.) The Court finds this matter appropriate for decision without oral argument, and the hearings set for September 11, 2026, at 10:30 a.m. are VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.[1] For the following reasons, the Court DENIES Plaintiff's Sanctions Reconsideration Motion and GRANTS IN PART Plaintiff's Dismissal Reconsideration Motion.

[1] Accordingly, Defendants' Application to Appear Remotely is DENIED as moot. (Doc. 100.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02251-JLS-JDE Date: September 10, 2026
Title: Jared Ashcraft v. First-Citizens Bank and Trust Company et al

## I. BACKGROUND

*Pro se* Plaintiff Jared Ashcraft is a former employee of Defendant First Citizens Bank ("FCB"). (First Amended Complaint ("FAC") ¶ 31, Doc. 29.) Plaintiff was hired as a Senior Merchant Sales Specialist on August 23, 2021. (Quinto Decl. ¶ 6, Doc. 45-3; Ex. A to Quinto Decl.) After he was hired, he moved from California to Greenville, North Carolina for the role. (Quinto Decl. ¶¶ 6–7; Ashcraft Personal Jurisdiction Decl. ¶ 20, Doc. 61-1.) On October 18, 2024, Plaintiff moved to Las Vegas, Nevada, where he currently resides. (Quinto Decl. ¶ 8; FAC ¶ 30.)

While living in Las Vegas, Plaintiff worked remotely for FCB. (Quinto Decl. ¶ 8.) He sold FCB's payment-processing services to existing and prospective customers, including customers in California. (Mills Decl. ¶¶ 4–5, Doc. 45-4.) On May 22, 2025, FCB placed Plaintiff on administrative leave, and he was terminated soon thereafter. (FAC ¶¶ 111–33.) Plaintiff seeks to hold Defendants liable for whistleblower retaliation and various other alleged retaliatory actions taken against him, up to and including his termination.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued to Plaintiff a right-to-sue notice on January 7, 2026. (Ashcraft Decl. ISO Dismissal Reconsideration Mot. ¶ 47, Doc. 94; Ex. B to Ashcraft Decl. ISO Dismissal Reconsideration Mot., Doc. 92-3.) The notice informed Plaintiff that he must file a lawsuit without 90 days. (Ex. B to Ashcraft Decl. ISO Dismissal Reconsideration Mot.) Plaintiff filed the instant action on March 2, 2026, bringing the following claims against FCB and Defendant First Citizens BancShares, Inc. ("BancShares"), FCB's parent company: (1) violation of the Sarbanes-Oxley ("SOX") Act (against FCB and BancShares); (2) Civil RICO (against FCB and BancShares); (3) Dodd-Frank retaliation (against FCB and BancShares); (4) a declaratory judgment regarding the arbitrability of

the claims (against FCB and BancShares); (5) ADA discrimination, failure to accommodate, and retaliation, and parallel FEHA interference, failure to accommodate, failure to engage, and retaliation (against FCB); (6) FMLA interference and retaliation (against FCB); (7) ERISA § 510 interference (against FCB); (8) wrongful termination in violation of public policy under California law (against FCB); (9) breach of implied covenant of good faith and fair dealing under California law (against FCB); (10) conversion under California law (against FCB); (11) violations of the Invasion of Privacy Act, Cal. Penal Code § 631, and Stored Communications Act, 18 U.S.C. § 2701 (against FCB); (12) intentional interference with prospective economic advantage under California law (against FCB); and (13) violation of California Labor Code § 1198.5 (against FCB).

On April 23, 2026, Defendants filed a motion to dismiss the case for lack of personal jurisdiction and for failure to state a claim. (MTD, Doc. 45.) Plaintiff then filed a motion for Rule 11 sanctions based on "materially false or misleading factual contentions" in Defendants' motion to dismiss and supporting declarations. (Sanctions Mot., Doc. 62.) On July 20, 2026, the Court denied Plaintiff's motion for sanctions. (Order Denying Sanctions Mot., Doc. 86.) On July 22, 2026, the Court granted Defendants' motion to dismiss, concluding that Plaintiff had not shown that personal jurisdiction existed over Defendants, and dismissing the action "without leave to amend and without prejudice to filing in a proper jurisdiction." (Order Dismissing Action, Doc. 88.)

Plaintiff now moves for the Court to reconsider its Order Denying Plaintiff's Sanctions Motion and its Order Dismissing Action.

## II. LEGAL STANDARD

In federal court, motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) and 60(b). *See* Fed. R. Civ. P. 59(e) and 60(b). *See generally U.S. for Use & Benefit of Familian Northwest, Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 954 (9th Cir. 1994) (holding that motions to reconsider brought under Rule 59(e) are construed as Rule 60(b) motions); *City of Indio v. Solomon*, 2012 WL 12888855, at *4 (C.D. Cal. Aug. 1, 2012) ("virtually all relevant precedents expressly recognize Rule 60(b) motions as [a form of motion] for reconsideration"). In other words, the standard for both motions is essentially the same.

A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *America Unites for Kids v. Lyon*, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted); *see also Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 609 (7th Cir. 1986) (similarly indicating that the standard for obtaining Rule 60(b) relief is an onerous one). As a result, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (discussing motions for reconsideration under Rule 59(e)). And specifically, "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Askins v. U.S. Dept. of Homeland Sec.*, 2014 WL 1600410, at *1 (S.D. Cal. April 17, 2014).

In this district, motions for reconsideration are further governed by Local Rule 7-18, which states that such a motion:

> [M]ay be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18. A motion for reconsideration may not repeat any written or oral argument made in opposition to the original motion. *See id.*; *Askins*, 2014 WL 1600410, at *1 (citing *389 Orange St. Partners*, 179 F.3d at 665). Additionally, courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b). *See, e.g.*, *Hendrix v. Novartis Pharm. Corp.*, 2014 WL 4090840, at *2 (C.D. Cal. Aug. 19, 2014) ("Likewise, Local Rule 7-18 sets forth these same three narrow grounds as the only basis on which a motion for reconsideration should be granted.").

## III. ANALYSIS

### A. Sanctions Reconsideration Motion

Plaintiff first moves for reconsideration of the Court's Order Denying Plaintiff's Motion for Sanctions. In his motion for sanctions, Plaintiff made several arguments; in relevant part, Plaintiff argued that the declaration of Jason Mills provided by Defendants, in which Mr. Mills stated, "To my knowledge, Plaintiff never attended any such meeting in California or traveled to California for business purposes on behalf of FCB during his employment," was contradicted by the evidence. (Sanctions Mot. at 14; Mills Decl. ¶ 7.) The Court concluded that Rule 11 sanctions were not warranted, as Mr. Mills was merely providing his own personal knowledge of Plaintiff's travels, and Plaintiff did not show that Mr. Mills had knowledge to the contrary. (Order Denying Sanctions Mot. at 3–4.)

In the instant motion, Plaintiff contends that the Court erred in reaching this conclusion. Specifically, Plaintiff argues that the Court's Order "resolved whether Plaintiff proved that Mr. Mills subjectively knew of Plaintiff's Pasadena trip rather than whether the parties and attorneys who presented and later advocated [based on the Mills declaration] possessed objective evidentiary support and conducted the reasonable inquiry required by Rule 11." (Sanctions Reconsideration Mot. at 4.) This is a distinction without a difference. The "parties and attorneys" provided Mr. Mills's declaration in support of their motion to dismiss, and Plaintiff has not shown that Mr. Mills's declaration about his own personal knowledge is false. Defendants were thus entitled to rely on such a declaration in support of their motion.

Plaintiff does not otherwise point to any facts or arguments the Court failed to consider in its original Order. Accordingly, Plaintiff's Sanction Reconsideration Motion is DENIED.

**B. Dismissal Reconsideration Motion**

Plaintiff next moves for reconsideration of the Court's Order Granting Defendants' Motion to Dismiss. In its Order, the Court concluded that it lacks personal jurisdiction over Defendants, and dismissed the action without prejudice to filing in another jurisdiction. Plaintiff's present motion for reconsideration makes three primary arguments: (1) that the Court erred in its analysis of Defendants' relevant contacts with California; (2) that the Court erred in denying jurisdictional discovery; and (3) that the Court erred in failing to consider whether transfer, rather than dismissal, was appropriate.

**1. Defendants' California Contacts and Plaintiff's Request for Jurisdictional Discovery**

Plaintiff's first two arguments do not warrant reconsideration of the Court's prior Order. The thrust of Plaintiff's first argument is that the Court failed to consider several of Defendants' contacts with California, including "Plaintiff's assigned Southern California, Pacific, and Los Angeles markets," California-based customers whom Plaintiff served, and Plaintiff's Pasadena business trip. (Dismissal Reconsideration Mot. at 8.) However, all these facts were presented to the Court with Plaintiff's opposition to Defendants' motion to dismiss. The Court explicitly recognized these facts in its prior Order, listing examples of Defendants' "California Market Infrastructure contacts," which consisted of "contacts FCB has developed through its deliberate targeting of California to expand business and sell payment processing services." (Order Dismissing Action at 11–13.) Still, the Court concluded that "the 'California Market Infrastructure contacts'" were not *related to* "the alleged wrongdoing underlying Plaintiff's claims." (*Id.* at 14.) Plaintiff's arguments in his motion for reconsideration merely recite Defendants' California contacts, and emphasize that Plaintiff's California opportunities were affected by Defendants' retaliatory conduct, but fail to show why this means that Plaintiff's claims arise out of or relate to the California Market Infrastructure. As this Court has already held, that "Plaintiff may have had dealings with FCB's California clients or potential clients" is insufficient to "show the necessary 'close connection' between those contacts and Plaintiff's alleged employment injuries." (*Id.* at 15.)

Plaintiff's second argument is that "the denial of jurisdictional discovery rested on a materially inaccurate description of the request." (Dismissal Reconsideration Mot. at 22.) The Court disagrees: as it stated in its prior Order, Plaintiff's request is effectively one for "further discovery into FCB's presence in California." (Order Dismissing Action at 16.) Moreover, Plaintiff does not identify any material facts or argument overlooked by the Court in its consideration of Plaintiff's request. Accordingly, Plaintiff is not

entitled to reconsideration of the Court's conclusions that it lacks personal jurisdiction over Defendants and that jurisdictional discovery is not appropriate.

### 2. Transfer to the District of Nevada

Plaintiff's third argument is that "the Court was required to conduct the § 1631 transfer inquiry before dismissing." (Dismissal Reconsideration Mot. at 23.) On this point, the Court agrees. Under 28 U.S.C. § 1631, "if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting 28 U.S.C. § 1631). Although Plaintiff did not raise the issue of transfer in response to the original motion, "[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987). "A district court's failure to exercise discretion [as to whether the action could have been brought in another jurisdiction and whether transfer would be in the interest of justice] constitutes an abuse of discretion." *Miller*, 905 F.2d at 262. Thus, the Court committed "clear error" when it did not *sua sponte* consider whether this action should be transferred to a different jurisdiction, rather than dismissed. *389 Orange St. Partners*, 179 F.3d at 665.

Defendants argue that § 1631's mandate applies only to cases where a court lacks subject matter jurisdiction, not where it lacks personal jurisdiction. However, the Ninth Circuit has indicated that § 1631 applies in cases where personal jurisdiction is lacking. *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761–62 (9th Cir. 1990) (concluding that "defendants' contacts with Oregon are not sufficient to justify the exercise of personal jurisdiction" and remanding "to the district court with instructions to dismiss the action or, if in the interest of justice, to transfer . . . pursuant to 28 U.S.C. § 1631"). Although, in another case, the Ninth Circuit opined that "§ 1631 relates to subject matter jurisdiction," *Gherebi v. Bush*, 352 F.3d 1278, 1302 n.30 (9th Cir. 2003),

this statement does not preclude a finding that § 1631 *also* relates to personal jurisdiction. Indeed, several district courts within the Ninth Circuit have reached such a conclusion. *See Tisher v. Boeing Co.*, 2026 WL 982883, at *13 (D. Or. Apr. 13, 2026) (holding that "§ 1631 covers personal jurisdiction" under "the plain text of the statute, Ninth Circuit precedent, and the growing body of caselaw in the same direction"); *Desilva v. Alaska Airlines, Inc.*, 2026 WL 1999236, at *3–4 (C.D. Cal. July 6, 2026) (collecting cases). The Court agrees with these other courts that, under the plain text of the statute and Ninth Circuit caselaw, the transfer inquiry for "want of jurisdiction" under § 1631 applies when there is a lack of personal jurisdiction.

The Court thus proceeds to evaluate whether transfer to the District of Nevada, rather than dismissal for lack of personal jurisdiction, is in the interest of justice. Plaintiff resided in Nevada when he was terminated by Defendants, suggesting that Nevada could be the proper forum for his claims. *See Mercado v. JMJ Assocs. LLC*, 2015 WL 13783452, at *3–4 (C.D. Cal. Apr. 15, 2015) (finding personal jurisdiction over an employer in a state, where the employer discriminated against and terminated an employee working and living in that state). Although Defendants emphasize that they communicated to Plaintiff prior to the lawsuit that "California law did not govern his employment relationship," (Opp. to Dismissal Reconsideration Mot. at 15), Plaintiff acted *pro se* and could have nevertheless been "confused about the proper forum for review." *Miller*, 905 F.2d at 262 (internal quotation marks and citation omitted). Further, Plaintiff avers that he will be prejudiced if this case is dismissed, because he may face problems with the EEOC's expired 90 day right-to-sue period if he files a new action. (Ashcraft Decl. ISO Dismissal Reconsideration Mot. ¶¶ 47–49.) For these reasons, and because "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating,'" the Court concludes that transfer is appropriate. *Miller*, 905 F.2d at 262 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Thus, without expressing an opinion on whether all Defendants are properly subject to jurisdiction in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02251-JLS-JDE Date: September 10, 2026
Title: Jared Ashcraft v. First-Citizens Bank and Trust Company et al

Nevada, the Court transfers this action to the District of Nevada under § 1631. *See Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir. 1995) (expressing "no opinion on . . . whether the [Court of International Trade] would have had original jurisdiction if Pentax had originally filed its complaint in that court," and concluding that "the prudent thing to do is to direct the district court to transfer the case to the CIT so that the CIT can determine the question of its own jurisdiction").

## IV. CONCLUSION

For the above reasons, Plaintiff's Sanctions Reconsideration Motion is DENIED, and Plaintiff's Dismissal Reconsideration Motion is GRANTED IN PART. The Court TRANSFERS this action to the District of Nevada.

Initials of Deputy Clerk: DT